**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALONSO ARGUEDAS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ROBERT HALF INTERNATIONAL,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 26-CV-4335** |

## MEMORANDUM

**Judge Juan R. Sánchez** **October 27, 2026**

Plaintiff Alonso Arguedas initiated this *pro se* civil action against Robert Half International ("RHI"), a nationwide employment staffing company, asserting employment discrimination claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203. RHI moves to dismiss the Complaint for failure to state a claim. Because Arguedas has failed to exhaust administrative remedies, the Complaint will be dismissed.

## I. FACTUAL ALLEGATIONS[1]

Arguedas is a 34-year-old Latino-American male citizen who claims that, from 2018 to 2021, he had an agreement to receive "vested professional coverage, policies, and benefits" that was assumed by RHI on or around September 11, 2022. (Compl. at 1-2.) On May 6, 2025, he filed a claim under the Employee Retirement Income Security Act ("ERISA") with the Pennsylvania Department of Labor ("DOL") concerning a dispute over vested insurance benefits. (*Id*. at 3.) On October 7, 2025, he had an interview with the DOL's Pennsylvania Human Relations Commission ("PHRC"). (*Id*.)

[1] The following allegations are taken from Arguedas's Complaint ("Compl.") (ECF No. 2) and documents attached to the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the *pro se* filings in this case.

In or around March 2026, "while possessing knowledge of [his] protected administrative civil rights filings," RHI approached Arguedas to assist him "with an active placement track" but conditioned his employment "on a restrictive corporate arbitration agreement." (*Id.*) In May 2026, he opted out of the arbitration agreement when he discovered that RHI never intended to offer him employment. (*Id.*) Thereafter, RHI "executed an adverse employment action by freezing [his] profile, terminating recruiter communication, and refusing to forward his profile to employers." (*Id.*) On an unspecified date, RHI refused to place him in a position with TD Bank, selecting instead a less qualified candidate. (*Id.*) From April 2026 to June 2026, Arguedas applied unsuccessfully to over 35 positions through RHI. (*Id.*)

Arguedas asserts claims for retaliation under Title VII and the ADA based on his being "blacklisted" after filing the ERISA claim, filing unspecified Equal Employment Opportunity Commission ("EEOC") and PHRC charges, and opting out of the arbitration agreement. (*Id*. at 4.) He also brings claims of national origin discrimination (*id.* at 5-6), and disability discrimination based on his documented depression, anxiety, bipolar disorder, and attention deficit disorder (*id.* at 6-7). On or around April 3, 2026, the EEOC mailed him a Right-to-Sue letter dismissing his case. (*Id*. at 3.) Attached to the Complaint is an EEOC Right-to-Sue letter issued on April 3, 2026, in case number 17F-2026-60126, listing the Office of Legal Counsel of the Department of Human Services as the respondent. (*Id*. at 9.)

## II. THE MOTION, RESPONSE, AND REPLY

In its Motion, RHI argues that the Complaint must be dismissed for failure to exhaust administrative remedies. It notes that the Complaint alleges adverse actions occurring from April 2026 to June 2026, after the issuance of the Right-to-Sue letter. (ECF No. 12 at 3.) It also notes that the letter does not list RHI as the respondent. (*Id.*) On this basis, it argues that the

Complaint fails to state a claim upon which relief may be granted because Arguedas failed to exhaust his administrative remedies. (*Id*. at 5-7.) Arguedas responds by arguing that RHI "entirely relies on procedural form over substantive reality." (ECF No. 17 at 1.) He claims that the exhaustion issue is "due to a clerical mislabeling on agency documentation." (*Id*.) He argues that he "engaged [the] PHRC and EEOC regarding [RHI's] unlawful retaliation, employment lockouts, and benefits practices" and, because RHI "had factual notice of these ongoing practices, the substantive exhaustion requirement is legally satisfied." (*Id*. at 2.) He also vaguely references his "internal inquiries" as well as subsequent formal filings with the DOL, PHRC, and EEOC, after which RHI "executed an absolute lockout." (*Id*. at 3.) Finally, citing Federal Rule of Civil Procedure 15, Arguedas seeks leave to file an amended complaint in the event the Court determines he misidentified the respondent in the underlying agency proceeding. (*Id*. at 2, 4.)

## II. STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Peters v. Brown*, 793 F. App'x 118, 123 (3d Cir. 2019) (*per curiam*) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotations omitted)). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)*; see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d

Cir. 2014) (same). To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (alterations in original) (citation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). The Court affords a liberal construction to factual allegations when a complaint is filed by a self-represented litigant. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Dismissal of a complaint based on an affirmative defense, such as a failure to exhaust administrative remedies, is only appropriate at the pleading stage when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "[W]hile a court may entertain a motion to dismiss on [affirmative defenses], it may not allocate . . . [burdens] . . . in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt*, 770 F.3d at 251 (internal citation omitted). Rather, the burden of pleading and proving an affirmative defense is borne by the defendant. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

## III. DISCUSSION

Before commencing a Title VII action in federal court, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011). A claim has been administratively exhausted when the specifics of a charge with the administrative agency "fairly encompass a claim" and would put the agency and the defendant employer "on notice" of that claim. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The ensuing lawsuit is limited to

claims that are within the scope of the initial administrative charge. *Id*. Failure to exhaust administrative remedies is not a jurisdictional defect, but rather, provides a basis for dismissal under Rule 12(b)(6). *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000).

RHI seeks dismissal for failure to exhaust, arguing that the Right-to-Sue letter issued April 3, 2026 cannot as a matter of law encompass events that occurred from April 2026 to June 2026. The Court agrees. Acknowledging that the burden is on RHI to demonstrate its affirmative defense, the Court notes that Arguedas did not attach the initial administrative charge he filed with the EEOC or describe the nature of the claims he included in it. Arguedas does not assert that he amended or supplemented his EEOC charge to include the events that postdate the Right-to-Sue letter, or that he filed new charges about those events, yet he brings this action apparently on the basis of events that occurred *after* April 3, 2026. Specifically, that he applied unsuccessfully to over 35 positions through RHI during that period and suffered retaliation and was not hired due to national origin and disability discrimination. According to the factual allegations in the Complaint, he has failed to exhaust administrative remedies as to those post-Right-to-Sue letter events. However, the failure to exhaust claims with the EEOC is a curable defect, so the Court will grant Arguedas leave to amend his complaint to address this deficiency, should he intend to assert claims under Title VII and the ADA based on the events from April 2026 to June 2026. *See Gooding v. Warner-Lambert Co*., 744 F.2d 354, 358 (3d Cir. 1984) (leave to amend should be granted because exhaustion defect is not jurisdictional).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant RHI's motion and dismiss the Complaint without prejudice and with leave to amend. An appropriate order with instructions as to amendment follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**

**JUAN R. SÁNCHEZ, J.**